ROBERT EMERT
Plaintiff, In Pro Per
2351 Vista Lago Terrace
Escondido, CA 92029
Telephone: (760) 612-9328
Email: robemert@msn.com



FILED
JAN 13 2026
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT, | Case No. 3:25-cv-03646-JO-BJW |
| Plaintiff, | PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY AND CONSOLIDATED BRIEFING SCHEDULE |
| v. | |
| DAVID S. SCHULMAN, et al., | |
| Defendants. | Fed. R. Civ. P. 26(d)(1) |
| | S.D. Cal. Civ. L.R. 26.1 |

### NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Robert Emert, proceeding pro se, hereby moves this Court for an order:

1. Granting limited expedited discovery pursuant to Federal Rule of Civil Procedure 26(d)(1); and

2. Establishing a consolidated briefing schedule permitting Plaintiff to file a single omnibus opposition after all Defendants have filed their responsive pleadings or motions.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Robert Emert, all pleadings and records on file in this action, and such further argument as may be presented at any hearing on this matter.

Dated: January 13, 2026

                                          Respectfully submitted,

                                          /s/ Robert Emert
                                          ROBERT EMERT
                                          Plaintiff, In Pro Per

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This motion seeks two modest procedural accommodations that will promote judicial economy and ensure efficient resolution of the claims in this action. First, Plaintiff seeks limited expedited discovery of a single category of evidence: the "psychologist report" that Defendant Schulman cited to a federal court but which does not exist in the state court record. Second, Plaintiff requests a consolidated briefing schedule to permit a single omnibus opposition to all motions to dismiss, rather than piecemeal responses as individual Defendants appear.

Both requests serve the interests of justice and efficiency.

As a matter of housekeeping, Plaintiff notes that a related case, *Emert v. San Diego Board of Supervisors*, No. 24-cv-00671-JO-MSB, was dismissed with prejudice on May 14, 2025—prior to the Ninth Circuit's decision in *Miroth v. County of Trinity*, 136 F.4th 1135 (9th Cir. 2025). That dismissal is currently on appeal before the Ninth Circuit (No. 25-3694), where Plaintiff has filed supplemental briefing addressing *Miroth*. The instant action—targeting private attorneys under *Dennis v. Sparks*, 449 U.S. 24 (1980), rather than county officials—is filed under *Miroth* from its inception.

## II.     FACTUAL BACKGROUND

### A.     The Predetermined Outcome

On February 4, 2021—Commissioner Ratekin's very first day on this case—she announced within approximately five minutes that Plaintiff's son should be placed in a "24-hour school" or "boarding school type of situation." (See FAC, Ex. F, 00:04:20-00:05:10.)

At that moment, as the transcript reflects, Commissioner Ratekin had barely reviewed the file. No psychological evaluation had been ordered. No psychologist had been appointed. Defendant Jesse Olague—the only psychologist who would later become involved—had not yet been assigned to the case.

On October 4, 2021—Commissioner Ratekin's last day on this case—she repeated "facility" and muted Plaintiff when he attempted to respond. (See FAC, Ex. F-1, 00:01:46-00:01:54; 00:04:30-00:04:37.) The outcome announced on Day One was executed on the last day. Nothing that occurred in between changed the predetermined result. Commissioner Ratekin recused herself that same day—but not before issuing a supervised visitation order that effectively punished Plaintiff for resisting the predetermined outcome.

Yet Defendants Schulman, Bear, Schuck, Cord, and Young were aligned with this "facility" narrative from day one—before any professional evaluation could possibly have supported it.

### B. The Fabricated Justification

In a related federal action (Case No. 23-cv-0417-JLS-NLS), Defendant David Schulman submitted a filing to the Court stating that "Commissioner Ratekin based this recommendation on the Psychologist report." (See FAC, Ex. B.)

However, the Register of Actions for the underlying family court proceeding (Case No. 19FL010852N) reflects that no psychological evaluation was ever ordered, no psychologist was ever appointed, and no psychological report was ever filed at the time Commissioner Ratekin announced the facility recommendation. (See FAC, Exs. B-1, B-2.) There was no documented basis for such a drastic recommendation—none.

### C. The Timeline Establishes Fabrication

The timeline is dispositive. Even if Defendants could now produce a "psychologist report" or any other document purporting to support the facility recommendation, such document could not have existed on February 4, 2021, when Commissioner Ratekin announced the predetermined outcome. Any evidence

produced now was necessarily manufactured after the fact to justify a decision that had already been made.

This creates a binary outcome for each Defendant: either (1) produce evidence supporting the facility recommendation that existed before February 4, 2021, or (2) confirm under penalty of perjury that no such evidence exists.

### III. ARGUMENT

#### A. Good Cause Exists for Limited Expedited Discovery

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except... when authorized by these rules, by stipulation, or by court order."

Courts routinely grant expedited discovery where good cause exists. See *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause is established here for three independent reasons:

#### 1. The Rule 9(b) Particularity Paradox

Federal Rule of Civil Procedure 9(b) requires that fraud be pled with particularity. Yet this Court and the Ninth Circuit have recognized that Rule 9(b)'s

requirements may be relaxed "when the relevant facts are known only to the defendant." *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987).

Here, Plaintiff has alleged fabrication of evidence with as much particularity as possible given the asymmetry of information. Plaintiff can identify the false statement (the "psychologist report" citation), the speaker (Defendant Schulman), and the forum (federal court). What Plaintiff cannot do without discovery is prove the negative—that no such report exists in Defendants' files—or obtain any report Defendants may now manufacture.

Limited expedited discovery resolves this paradox efficiently.

### 2. Risk of Spoliation

In conspiracy cases involving allegations of fraud, the risk of evidence spoliation is heightened. Defendants have every incentive to destroy communications evidencing coordination, or alternatively, to manufacture a "report" that did not exist at the relevant time.

Expedited discovery preserves the evidentiary record before Defendants can act.

### 3. Judicial Economy

If the "psychologist report" does not exist, Defendant Schulman's fabrication claim is substantially proven. If it does exist, Plaintiff can evaluate whether it supports Defendants' position or reveals additional misconduct (e.g., a report manufactured after the fact).

Either outcome streamlines subsequent proceedings.

**B.      The Discovery Requested Is Narrowly Tailored**

Plaintiff does not seek broad discovery at this stage. Plaintiff seeks only:

1. From Defendant Schulman: Production of the "psychologist report" cited to federal court in Case No. 23-cv-0417-JLS-NLS, Document 22, OR a declaration under penalty of perjury that no such report exists; and

2. From All Defendants: Production of any document, report, evaluation, recommendation, or other evidence supporting the "24-hour facility" recommendation that existed before February 4, 2021, OR a declaration under penalty of perjury that no such evidence exists.

These requests are narrowly tailored to the core fabrication allegation and impose minimal burden on Defendants. They require only that Defendants identify

evidence they claim supported the facility recommendation—or acknowledge that no such evidence existed when the recommendation was made.

### C. A Consolidated Briefing Schedule Promotes Judicial Economy

Plaintiff anticipates that multiple Defendants will file motions to dismiss. Under the standard briefing schedule, Plaintiff would be required to file separate oppositions to each motion as it is filed, potentially resulting in duplicative briefing and piecemeal adjudication.

A consolidated briefing schedule—permitting Plaintiff to file a single omnibus opposition within twenty-one (21) days after the last-filed motion to dismiss—would:

> 1. Allow Plaintiff to address all Defendants' arguments comprehensively in one filing;
>
> 2. Permit the Court to resolve all threshold issues in a single ruling;
>
> 3. Reveal any inconsistencies between Defendants' positions (which may themselves evidence the alleged conspiracy); and
>
> 4. Reduce the burden on all parties and the Court.

Courts routinely grant such requests in multi-defendant cases. *See, e.g.*, S.D. Cal. Civ. L.R. 7.1(e)(1) (permitting consolidated briefing by stipulation or court order).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. GRANT limited expedited discovery requiring:

    (a) Defendant Schulman to produce the "psychologist report" cited in Case No. 23-cv-0417-JLS-NLS, Document 22, or confirm under penalty of perjury that no such report exists; and

    (b) All Defendants to produce any document, report, evaluation, or other evidence supporting the "24-hour facility" recommendation that existed before February 4, 2021, or confirm under penalty of perjury that no such evidence exists;

    within fourteen (14) days of this Order; and

2. ESTABLISH a consolidated briefing schedule permitting Plaintiff to file a single omnibus opposition to all motions to dismiss within twenty-one (21) days after the last-filed motion to dismiss.

Dated: January 13, 2026

                        Respectfully submitted,

                        /s/ Robert Emert
                        ROBERT EMERT
                        Plaintiff, In Pro Per

# DECLARATION OF ROBERT EMERT IN SUPPORT OF
# MOTION FOR LIMITED EXPEDITED DISCOVERY AND CONSOLIDATED BRIEFING SCHEDULE

I, Robert Emert, declare under penalty of perjury under the laws of the United States of America as follows:

1. I am the Plaintiff in this action. I have personal knowledge of the facts set forth herein and could competently testify to them if called as a witness.

2. On February 4, 2021, Commissioner Patti Ratekin held her first hearing in the underlying family court matter. I possess the audio recording and transcript of this hearing.

3. Within approximately five minutes of the hearing's commencement, Commissioner Ratekin stated: "THE PLACE WHERE I SEE OUR CHILD HEADING IS SOME KIND OF 24-HOUR SCHOOL WHERE HE'S GOING TO BE IN A BOARDING SCHOOL TYPE OF SITUATION." (See FAC, Ex. F, 00:04:20-00:05:10.)

4. At that time, no psychological evaluation had been ordered, no psychologist had been appointed, and Defendant Jesse Olague had not yet been assigned to the case.

5. On October 4, 2021—Commissioner Ratekin's last day on this case—she again stated "facility" and muted me when I attempted to respond. (See FAC, Ex. F-1, 00:01:46-00:01:54; 00:04:30-00:04:37.) The outcome she announced on her first day was executed on her last day.

6. In a related federal action, Case No. 23-cv-0417-JLS-NLS, Defendant David Schulman submitted a filing to the Court stating that "Commissioner Ratekin based this recommendation on the Psychologist report."

7. I have obtained and reviewed the complete Register of Actions for the underlying family court proceeding, Case No. 19FL010852N. The Register of Actions reflects that no psychological evaluation was ordered, no psychologist was appointed, and no psychological report was filed.

8. The relevant portions of the Register of Actions are attached as Exhibits B-1 and B-2 to the First Amended Complaint filed in this action.

9. Even if Defendants could produce a "psychologist report" or other evidence today, such evidence could not have existed on February 4, 2021, when Commissioner Ratekin announced the facility recommendation. Any evidence produced now was necessarily created after the predetermined outcome was announced.

10. Given that this case involves ten (10) Defendants, I anticipate multiple motions to dismiss will be filed. A consolidated briefing schedule will permit me to respond comprehensively and efficiently, rather than in piecemeal fashion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 13, 2026, at Escondido, California.

/s/ Robert Emert
ROBERT EMERT
Plaintiff, In Pro Per

## PROOF OF SERVICE

I, Robert Emert, declare:

I am a citizen of the United States and a resident of the State of California. My address is 2351 Vista Lago Terrace, Escondido, CA 92029. I am over eighteen years of age and not a party to this action.

On January 13, 2026, I served the following document(s):

> PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY AND CONSOLIDATED BRIEFING SCHEDULE
>
> DECLARATION OF ROBERT EMERT IN SUPPORT OF MOTION FOR LIMITED EXPEDITED DISCOVERY AND CONSOLIDATED BRIEFING SCHEDULE

**BY U.S. MARSHAL SERVICE:** Plaintiff has been granted In Forma Pauperis status pursuant to 28 U.S.C. § 1915. Service of process upon all Defendants will be effected by the United States Marshal pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

**BY ELECTRONIC FILING:** I caused the above-referenced document(s) to be filed via the Court's CM/ECF electronic filing system.

**BY COURTESY EMAIL:** As a courtesy, I also served the above-referenced document(s) via email to all Defendants at the email addresses listed below:

**INDIVIDUAL DEFENDANTS:**

1. David S. Schulman, Esq. — dschulman@msmfamilylaw.com
   12220 El Camino Real, Suite 300, San Diego, CA 92130
2. Sara Bear, Esq. — sbear@msmfamilylaw.com
   12220 El Camino Real, Suite 300, San Diego, CA 92130
3. Matthew Cord, Esq. — mcord@apjohnsonesq.com
   440 S. Melrose Drive, Suite 260, Vista, CA 92081
4. Catie Young, Esq. — catie@gylfamilylaw.com
   1525 Faraday Avenue, Suite 140, Carlsbad, CA 92008
5. Andrea Schuck — andrea.schuck@carlsbadusd.net
   3557 Monroe St., Carlsbad, CA 92008
6. Jesse Olague, Psy.D. — drolague@sdkidsfirst.com
   12625 High Bluff Drive, Suite 204, San Diego, CA 92130

**CORPORATE DEFENDANTS (via Registered Agent):**

7. Moore, Schulman & Moore, APC — dschulman@msmfamilylaw.com
   c/o David S. Schulman, 12220 El Camino Real, Suite 300, San Diego, CA 92130
8. Andrew P. Johnson, APC — mcord@apjohnsonesq.com
   c/o Andrew P. Johnson, 440 S. Melrose Drive, Suite 260, Vista, CA 92081
9. Griffith, Young & Lass — catie@gylfamilylaw.com
   c/o John N. Griffith, 1525 Faraday Avenue, Suite 140, Carlsbad, CA 92008
10. San Diego Kids First — contact@sdkidsfirst.com
    c/o Ben-Thomas Hamilton, 3110 Camino Del Rio South, Suite 203, San Diego, CA 92108

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 13, 2026, at Escondido, California.

/s/ Robert Emert
ROBERT EMERT
Plaintiff, In Pro Per