

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT,<br><br>*Plaintiff,*<br><br>v.<br><br>DAVID S. SCHULMAN, et al.,<br><br>*Defendants.* | Case No. 3:25-cv-03646-JAH-BJW<br><br>**NOTICE OF RELATED PROCEEDINGS AND REQUEST FOR JUDICIAL NOTICE**<br><br>*Related to Plaintiff's Motion for Limited Expedited Discovery [ECF No. 6]* |

**NOTICE OF RELATED PROCEEDINGS AND REQUEST FOR JUDICIAL NOTICE**

*Related to Plaintiff's Motion for Limited Expedited Discovery*
*[ECF No. 6]*

## Contents

EXECUTIVE SUMMARY .................................................................................................... 3
I. INTRODUCTION ............................................................................................................ 4
II. THE NINTH CIRCUIT DISPOSITION ......................................................................... 4
   A. What the Panel Held ................................................................................................. 4
   B. What the Panel Did Not Address ............................................................................. 5
III. THIS CASE IS FUNDAMENTALLY DIFFERENT ..................................................... 6
IV. EN BANC AUTHORITY SUPPORTS PLAINTIFF'S CLAIMS .................................. 7
V. THE HECK ESCAPE HATCH IS CLOSING ................................................................ 8
VI. BINDING AUTHORITY THIS COURT MUST ADDRESS ........................................ 9
VII. REQUEST ................................................................................................................... 10
VIII. CONCLUSION .......................................................................................................... 11
APPENDICES ..................................................................................................................... 12
   **APPENDIX A:** Ninth Circuit Memorandum Disposition ................................... 12
   *Emert v. San Diego County Board of Supervisors*, Case No. 25-3694 (9th Cir.), filed January 23, 2026 (DktEntry: 19.1) ................................................................................................ 12
   **APPENDIX B:** Appellant's Traverse to Respondent's Answer ............................... 12
   *Emert v. Probation*, Case No. 25-cv-00820-TWR-BLM (S.D. Cal.), filed January 19, 2026 . 12
PROOF OF SERVICE ........................................................................................................ 13
**APPENDIX A:** Ninth Circuit Memorandum Disposition ................................... 15
*Emert v. San Diego County Board of Supervisors*, Case No. 25-3694 (9th Cir.), filed January 23, 2026 (DktEntry: 19.1) ................................................................................................ 15
**APPENDIX B:** Appellant's Traverse to Respondent's Answer ............................... 23
*Emert v. Probation*, Case No. 25-cv-00820-TWR-BLM (S.D. Cal.), filed January 19, 2026 ..... 23

# EXECUTIVE SUMMARY

### EXECUTIVE SUMMARY

On January 23, 2026, the Ninth Circuit affirmed dismissal of Plaintiff's § 1983 claims against San Diego County in a related case, No. 25-3694. Jan 27, 2026, Plaintiff filed a combined petition for panel rehearing and motion to hold mandate in that proceeding, challenging the panel's analysis and attaching the habeas traverse. This Court should know two things about that disposition:

First, it does not control this case. Different defendants. Different claims. Different controlling authority. The Ninth Circuit analyzed claims against County officials; this case names family court actors who conspired to fabricate evidence. The panel never addressed *Miroth*, *Dennis*, *Devereaux*, *Smiddy*, or *Bretz*—the authorities that govern this case.

Second, the conviction on which the panel relied is about to be vacated. Plaintiff did not raise *Heck v. Humphrey*—the courts keep manufacturing that defense. Since they raised it, Plaintiff attaches the habeas traverse (Appendix B) showing why that escape hatch is closing.

The traverse presents more than 47 timestamped admissions from the State's own investigator that the prosecution was meritless and retaliatory. When asked why it proceeded anyway: "You pissed them off." The Attorney General called these admissions "sympathy." That characterization borders on sanctionable.

Plaintiff has been denied a merits determination at every turn—not because his claims lack merit, but because courts keep addressing defenses he never raised. The evidence of fraud is documented. The evidence of conspiracy is recorded. Plaintiff respectfully asks this Court to address the case actually before it and grant him the fair hearing the Constitution guarantees.

## I. INTRODUCTION

Plaintiff submits this Notice to inform the Court of a January 23, 2026 Ninth Circuit memorandum in a related case—and to explain what that disposition does not hold and why it has no bearing here.

**The pattern must be named directly:** courts keep invoking *Heck v. Humphrey* to dismiss Plaintiff's claims, despite Plaintiff never raising anything that would trigger *Heck*. Since the courts insist on manufacturing this defense, Plaintiff responds: **the conviction you are relying on was obtained through Brady violations, fabricated evidence, and prosecutorial retaliation. It will not survive habeas review.** Appendix B—the habeas traverse—shows why.

The traverse demonstrates these were not isolated failures—they were systematic. DAI Peña's admission that the prosecution proceeded because "You pissed them off" [01:12:12] is precisely the retaliatory motive that *Smiddy* holds rebuts the presumption of independent judgment.

## II. THE NINTH CIRCUIT DISPOSITION

A. What the Panel Held

The panel's entire substantive analysis:

> "The district court properly dismissed Emert's action because Emert failed to allege facts sufficient to state a plausible claim. See Manuel v. City of Joliet, Ill., 580 U.S. 357, 360 (2017); Thompson v. Clark, 596 U.S. 36, 49 (2022); Galen v. County of Los Angeles, 477 F.3d 652, 660–64 (9th Cir. 2007); see also Lockett v. County of Los Angeles, 977 F.3d 737, 741 (9th Cir. 2020)."

Mem. Dispo. at 2. Four string cites. No analysis of *Haring*. No analysis of *Miroth*. No analysis of *Dennis*. No analysis of *Devereaux*. No analysis of *Smiddy* or *Bretz*. No discussion of the fabricated evidence or the distinction between *Manuel* detention claims and *Thompson* malicious prosecution claims.

The panel cited *Manuel* but ignored its holding that detention claims are distinct from malicious prosecution and require no favorable termination. 580 U.S. at 367. It applied *Thompson*'s favorable termination element—applicable only to "Fourth Amendment malicious prosecution claim[s]," 596 U.S. at 49—to a detention claim. *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007), confirms these are "entirely distinct" torts. *Galen*'s causation analysis (477 F.3d at 660-64) presupposes honest information reaching the court—but *Smiddy v. Varney* holds the presumption of independent judgment is rebuttable when officers present false information or withhold material evidence. 665 F.2d at 266-67; 803 F.2d at 1471. Appellant alleges precisely such conduct.

**This memorandum cannot control this case because it never analyzed the issues this case presents.**

B. What the Panel Did Not Address

**1. Miroth v. County of Trinity**, 136 F.4th 1135 (9th Cir. 2025). Plaintiff submitted this binding authority via FRAP 28(j). The panel dismissed "[a]ll other pending motions and requests" without mentioning *Miroth*. *Miroth* holds that Rooker-Feldman does not bar claims alleging litigant fraud. This case alleges litigant fraud. *Miroth* controls.

**2. Dennis v. Sparks**, 449 U.S. 24 (1980). Private parties who conspire with judicial officers act under color of law. The County defendants in the Ninth Circuit appeal were not alleged to have conspired with judicial officers. **These Defendants are.**

**3. Devereaux v. Abbey**, 263 F.3d 1070 (9th Cir. 2001). Deliberate fabrication of evidence violates due process. The County defendants were not alleged to have fabricated evidence. **These Defendants are.**

**4. Haring v. Prosise**, 462 U.S. 306 (1983). Guilty pleas do not bar § 1983 claims for pre-plea violations. The panel never mentioned *Haring*. This Court must.

**5. Smiddy v. Varney**, 665 F.2d 261 (9th Cir. 1981) & 803 F.2d 1469 (9th Cir. 1986). The presumption that judicial officers exercise "independent judgment" is *rebuttable* when officers present false information or withhold material evidence. This case alleges precisely that conduct.

**6. Bretz v. Kelman**, 773 F.2d 1026 (9th Cir. 1985) (en banc). The Ninth Circuit reversed dismissal where plaintiff alleged "a conspiracy among police, prosecutors and personal enemies" who "committed perjury, threatened and coerced witnesses, and concealed and falsified evidence." *Id.* at 1027. This case alleges indistinguishable conduct.

## III. THIS CASE IS FUNDAMENTALLY DIFFERENT

**A. Different Defendants.** The Ninth Circuit case named San Diego County and DA officials. This case names family court actors: David Schulman, Sara Bear, Matthew Cord, Catie Young, Andrea Schuck, and Jesse Olague. Entirely different parties, entirely different conduct.

**B. Different Claims.** This case alleges:

- *Miroth* litigant fraud—expressly not barred by Rooker-Feldman;
- § 1985(2) conspiracy to obstruct justice in federal court;
- *Devereaux* deliberate fabrication of evidence;
- Fraud on the court through submission of a "psychologist report" that does not exist in the state court record.

None of these claims were at issue in the Ninth Circuit appeal.

**C. Independent Injuries Predating the Criminal Prosecution.** Many of Plaintiff's injuries accrued entirely before any criminal charges were filed. The family court fraud—including the $96,000 imputed income to a SNAP recipient, the fabricated "psychologist report," and the manufactured "School Trap" truancy allegations—occurred in 2020-2021. The criminal prosecution was not initiated until 2022. These are independent torts that do not implicate *Heck* because they have no relationship to the validity of any conviction.

Under *Miroth*, claims based on "litigant misconduct" are actionable regardless of subsequent proceedings because "the fraud is complete when the false evidence is submitted." 136 F.4th at 1152. The injury here is not the conviction—it is the deprivation of custody, the financial fraud, and the manufactured void orders that preceded it.

**D. Opposition's Mischaracterization of Miroth Confirms the Majority Rule Applies**

In the related Ninth Circuit appeal, Appellees cited *Miroth v. County of Trinity* for the "de facto appeal" and "inextricably intertwined" language—then cited two pre-*Miroth* district court cases (*Chodosh v. Saunders*, 2020 WL 7020303; *Reiner v. Graiwer*, 2015 WL 9999191) to argue that Rooker-Feldman bars claims alleging conspiracy with judicial officers.

This misrepresents *Miroth*. The *Miroth* majority explicitly rejected this reasoning:

> "The dissent's views, if accepted, would rewind the clock to the bad old days in which some courts (though not ours) improperly applied Rooker-Feldman whenever the federal suit would cast doubt on a state court decision."

*Miroth*, 136 F.4th at 1149.

The *Miroth* majority held—in language Appellees conspicuously omitted—that "Rooker-Feldman applies only to suits alleging errors by the state courts in rendering judgment, as opposed to misconduct by litigants in obtaining such a judgment." *Id.* at 1141. The majority further clarified that plaintiffs need not plead "extrinsic fraud" to avoid Rooker-Feldman; allegations of "litigant misconduct" suffice. *Id.* at 1145.

Appellees' reliance on reasoning the *Miroth* majority rejected confirms that the majority's holding is fatal to their position.

## IV. EN BANC AUTHORITY SUPPORTS PLAINTIFF'S CLAIMS

In *Bretz v. Kelman*, 773 F.2d 1026 (9th Cir. 1985) (en banc), the Ninth Circuit reversed dismissal of § 1983 and § 1985 claims where, as here, the plaintiff alleged "a conspiracy among police, prosecutors and personal enemies to accuse and prosecute him falsely." *Id.* at 1027. The plaintiff in *Bretz* alleged that "all five named defendants committed perjury, threatened and coerced witnesses, and concealed and falsified evidence." *Id.*

**The parallels to this case are striking:**

| *Bretz v. Kelman* | This Case |
|---|---|
| Conspiracy among police, prosecutors, and "personal enemies" | Conspiracy among family court actors, DA officials, and ex-wife |
| Committed perjury | Fabricated "psychologist report" |

| Threatened and coerced witnesses | Schulman's subpoena attempt to intimidate Charlie witness |
|---|---|
| Concealed and falsified evidence | Suppressed DDA Balerio interview; fabricated FBI "threat" |

The en banc *Bretz* court held that "where the state process itself has been abused," federal claims survive. 773 F.2d at 1031. *Bretz* is binding authority that the Ninth Circuit memorandum did not—and could not—overrule.

## V. THE HECK ESCAPE HATCH IS CLOSING

Plaintiff did not raise *Heck*. Plaintiff's claims do not challenge the validity of his conviction. But since the courts keep invoking *Heck* anyway, Plaintiff responds directly: **the conviction you are relying on was obtained through documented constitutional violations and will not survive habeas review.**

**Appendix B** is Plaintiff's Traverse in *Emert v. Probation*, Case No. 25-cv-00820-TWR-BLM (S.D. Cal.), filed January 19, 2026. It presents:

**47 timestamped admissions** from DAI Luis Peña—the State's own investigator—that the prosecution was meritless:

- "You definitely will get a trial and personally, I think you'll win that." [02:31:23]
- "The DA's office should never have accepted your case." [02:54:47]
- "I think you have good cause for sure." [02:38:13]
- When asked why the prosecution proceeded: "You pissed them off." [01:12:12]

**Systematic Brady violations.** This evidence was not disclosed before Plaintiff's coerced guilty plea. The traverse documents the timeline: DAI Peña made these admissions while Plaintiff was detained for 90 days on fabricated probable cause. The prosecution suppressed its own investigator's conclusions.

**The Attorney General's indefensible response.** The AG characterized DAI Peña's 47 admissions as "sympathy." Read the traverse. These are not expressions of sympathy—they are contemporaneous admissions by a law enforcement officer that the prosecution was meritless and retaliatory. The AG's characterization borders on sanctionable misrepresentation.

**When the habeas court vacates Plaintiff's conviction—as it must, given these documented violations—the Heck defense disappears. This Court should not dismiss claims based on a conviction that is about to be vacated.**

## VI. BINDING AUTHORITY THIS COURT MUST ADDRESS

**Miroth v. County of Trinity, 136 F.4th 1135, 1141 (9th Cir. 2025):**
> "Rooker-Feldman applies only to suits alleging errors by the state courts in rendering judgment, as opposed to misconduct by litigants in obtaining such a judgment."

Plaintiff alleges litigant misconduct—fabricated evidence, suppressed exculpatory material, conspiracy. *Miroth* controls. This Court cannot dismiss without addressing it.

**Dennis v. Sparks, 449 U.S. 24, 27-28 (1980):**
> "[P]rivate persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions."

Commissioner Ratekin may enjoy judicial immunity. These Defendants—the private attorneys and psychologist who allegedly conspired with her—cannot shelter behind that immunity. *Dennis* controls.

**Smiddy v. Varney, 665 F.2d 261 (9th Cir. 1981) & 803 F.2d 1469 (9th Cir. 1986):**
> The presumption that a judicial officer exercises independent judgment is *rebuttable*. "The presentation by the officers to the district attorney of information known by them to be false will rebut the presumption." 665 F.2d at 266-67. Plaintiff alleges precisely such conduct—a fabricated "threat" and suppressed exculpatory evidence.

**Bretz v. Kelman, 773 F.2d 1026 (9th Cir. 1985) (en banc):**
> Where plaintiffs allege "a conspiracy among police, prosecutors and personal enemies" who "committed perjury, threatened and coerced witnesses, and concealed and falsified evidence," § 1983 and § 1985 claims survive. *Id.* at 1027.

**Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001):**
> Deliberate fabrication of evidence violates due process. Defendant Schulman cited a "psychologist report" to this Court that does not appear to exist in the state court record.

**None of these authorities were analyzed in the Ninth Circuit memorandum.** This Court cannot rely on that memorandum to avoid engaging with them.

***Chiaverini v. City of Napoleon*, 602 U.S. 556 (2024):**

The Supreme Court held that "the presence of probable cause for one charge in a criminal proceeding does not categorically defeat a Fourth Amendment malicious-prosecution claim relating to another, baseless charge." *Id.* at 562. Courts must evaluate claims "charge by charge." *Id.*

Plaintiff was detained for 90 days *without bail* based on a fabricated "threat" to the FBI—a charge that was never filed and for which Plaintiff was never convicted. The FBI itself cleared the call as "no threat." The subsequent plea to child abduction (PC 278.5) does not retroactively validate the initial detention based on the fabricated threat allegation. Under *Chiaverini*, the valid charge does not "categorically preclude" claims based on the baseless one.

## VII. REQUEST

Plaintiff respectfully requests that this Court:

1. Take notice of the Ninth Circuit's January 23, 2026 memorandum (Appendix A);
2. Recognize that the memorandum does not address the claims, defendants, or authorities at issue here;
3. Take notice of the habeas traverse (Appendix B) demonstrating why any *Heck* defense is about to collapse;
4. Address *Miroth*, *Dennis*, *Devereaux*, *Smiddy*, *Bretz*, and *Haring* before ruling on any dispositive motion;
5. Rule on Plaintiff's pending Motion for Limited Expedited Discovery [ECF No. 6] regarding the "psychologist report" that does not exist.

This Notice preserves for Supreme Court review the scope of *Heck v. Humphrey* and the favorable termination requirement, issues currently before the Court in *Olivier v. City of Brandon*, No. 24-993 (argued Dec. 3, 2025).

## VIII. CONCLUSION

Plaintiff has been subjected to 90 days of illegal detention based on fabricated evidence. The State's own investigator admitted on recording that the prosecution was meritless and retaliatory—47 times. Family court actors submitted fraudulent evidence to state and federal courts. When Plaintiff brought these claims, courts have repeatedly avoided the merits by invoking defenses Plaintiff never raised.

The Ninth Circuit's memorandum consists of one paragraph with four string cites. It involves different defendants and different claims. It cannot control here because it never addressed the issues here.

**Plaintiff respectfully requests that this Court break the pattern and address the case actually before it.**

Dated: 01/30/26

                        Respectfully submitted,

                        /s/ Robert Emert
                        **ROBERT EMERT**
                        Plaintiff, Pro Se
                        2351 Vista Lago Terrace
                        Escondido, CA 92029
                        Telephone: (760) 612-9328
                        Email: robemert@msn.com

# APPENDICES

**APPENDIX A:** Ninth Circuit Memorandum Disposition
*Emert v. San Diego County Board of Supervisors*, Case No. 25-3694 (9th Cir.), filed January 23, 2026 (DktEntry: 19.1)

**APPENDIX B:** Appellant's Traverse to Respondent's Answer
*Emert v. Probation*, Case No. 25-cv-00820-TWR-BLM (S.D. Cal.), filed January 19, 2026

> **Court's attention directed to:**
> Pages 7-12: Summary of DAI Peña's 47 recorded admissions
> Pages 45-60: Forensic transcript analysis with timestamps
> Pages 10-11: Timeline of evidence suppression
> Pages 12-14: Analysis of AG's "sympathy" characterization

This Court may take judicial notice of these appendices as court records from related federal proceedings. *See* Fed. R. Evid. 201(b); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

PROOF OF SERVICE

I, Robert Emert, am the Plaintiff in this action and a citizen of the United States over the age of eighteen years. My address is 2351 Vista Lago Terrace, Escondido, CA 92029.

I hereby certify that on 01/30/26, I served the foregoing NOTICE OF RELATED PROCEEDINGS AND REQUEST FOR JUDICIAL NOTICE, with Appendices A and B, as follows:

**A. FILING WITH THE COURT**

I filed the foregoing document with the Clerk of the Court for the United States District Court for the Southern District of California by personal delivery.

**B. SERVICE VIA U.S. MARSHAL (Pending)**

Pursuant to Plaintiff's in forma pauperis status and 28 U.S.C. § 1915(d), Defendants will be served by the United States Marshal upon completion of service of the underlying Complaint. Copies of this Notice shall be included with Marshal service.

**C. COURTESY EMAIL NOTIFICATION**

I provided courtesy email notification of this filing to all Defendants and their known counsel at the following addresses:

David S. Schulman, Esq.: dschulman@msmfamilylaw.com Sara Bear, Esq.: sbear@msmfamilylaw.com Matthew Cord, Esq.: mcord@apjohnsonesq.com Catie Young, Esq.: catie@gylfamilylaw.com Andrea Schuck: andrea.schuck@carlsbadusd.net Jesse Olague, Psy.D.: drolague@sdkidsfirst.com

This courtesy email notification does not constitute service of process under FRCP 4 and does not commence the time for any Defendant to respond. Formal service of process will be effected by the United States Marshal as indicated above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 01/30/26, at Escondido, California.

/s/ Robert Emert **ROBERT EMERT**