FILED
APR 28 2026
CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DDE DEPUTY

ROBERT EMERT
Plaintiff/Appellant, In Pro Per
2351 Vista Lago Terrace
Escondido, CA 92029
Telephone: (760) 612-9328
Email: robemert@msn.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

*— and —*

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

ROBERT EMERT,
Plaintiff / Appellant,
v.
DAVID SCHULMAN; SARA BEAR; MATTHEW CORD; CATIE YOUNG; ANDREA SCHUCK; JESSE OLAGUE; et al.,
Defendants / Appellees.

Dist. Ct. Case No. 3:25-cv-03646-JO-BJW
9th Cir. Case No. 26-901

EMERGENCY EX PARTE APPLICATION FOR ORDER CONFIRMING (1) DEFECTIVE TRANSMISSION OF DKT. 14; (2) THE FIRST AMENDED COMPLAINT REMAINS OPERATIVE; AND (3) APPELLATE JURISDICTION UNDER 28 U.S.C. § 1291

9th Cir. R. 27-3;
Fed. R. App. P. 12.1, 27;
Fed. R. Civ. P. 62.1, 77(d);
S.D. Cal. Civ. L.R. 7.1

**RELATED PROCEEDINGS (for chambers reference, no relief requested):**

Emert v. San Diego Probation Dep't, No. 3:25-cv-00820-TWR-BLM (S.D. Cal.) (habeas); In re Emert, No. 26-1808 (9th Cir.) (mandamus).

**CIRCUIT RULE 27-3 STATEMENT OF EMERGENCY**

Pursuant to Ninth Circuit Rule 27-3 (Ninth Circuit) and the Civil Local Rules of the United States District Court for the Southern District of California governing ex parte applications (S.D. Cal. Civ. L.R. 7.1). Plaintiff/Appellant respectfully submits the following:

**Element 1 — Contact Information for Opposing Parties.** Defendants/Appellees in Ninth Circuit No. 26-901 have not yet entered appearances. The District Court dismissed the First Amended Complaint at screening under 28 U.S.C. § 1915(e)(2)(B) before service of process was effected. Service in formal terms remains through the United States Marshal Service per 28 U.S.C. § 1915(d) and Plaintiff's existing IFP status (Dist. Ct. Dkt. 7). Counsel of record for any party who has appeared in any related matter is being served by courtesy email contemporaneously with this filing.

**Element 2 — Facts Showing the Existence and Nature of the Emergency.** On April 20, 2026, the Ninth Circuit issued an Order (DktEntry 10.1) raising a § 1291 jurisdictional concern based on the apparent grant of leave to amend in District Court Dkt. 14, and set a response date of April 24, 2026. The Ninth Circuit's April 20, 2026 Order was transmitted to Appellant by U.S. mail and was not received until Saturday, April 25, 2026 — likely delivered to Appellant's residence on the evening of April 24, 2026, which was the response deadline itself. The District Court's April 9, 2026 order (Dkt. 14) was transmitted to Appellant by U.S. mail only, in a single-page form bearing no page numbers, no "Page 1 of __," no continuation marker, and no signature line followed by additional text — appearing on its face to be a complete one-page order resembling another denial. The full text of Dkt. 14 is approximately three pages and contains a leave-to-amend grant, a "GRANTS IN PART AND DENIES IN PART" disposition, and an April 24, 2026 deadline, none of which appeared in the copy Appellant received. Appellant first obtained the full text of Dkt. 14 on Saturday, April 25, 2026, from the Unicourt commercial PACER aggregator. Without prompt order treating the within Application as a timely response and confirming that § 1291 jurisdiction over the February 3, 2026 dismissal is intact, Appellant's appeal is at risk of sua sponte dismissal on a jurisdictional premise that does not in fact exist (because Appellant declines amendment and stands on the FAC). Such dismissal would render the District Court's February 3, 2026 dismissal final without merits review and constitute irreparable harm.

**Element 3 — When and How Opposing Counsel Was Notified.** Contemporaneously with the lodging of this Application, the Application is being transmitted by email to the chambers of the

Hon. Jinsook Ohta and the Hon. Brian J. White, to the Office of the Clerk of the Ninth Circuit, and to opposing counsel of record in any related matter. The transmission email lists each recipient and serves as the contemporaneous notice required by Circuit Rule 27-3.

**Element 4 — Why This Application Could Not Be Filed Earlier.** Saturday, April 25, 2026 was the first date on which Appellant had actual notice of any leave-to-amend grant or April 24, 2026 deadline arising from Dkt. 14, because the single-page copy of Dkt. 14 transmitted to him by U.S. mail did not contain that language and bore no indication on its face that any further pages existed. Appellant also first received the Ninth Circuit's April 20, 2026 Order by U.S. mail on April 25, 2026 — after the April 24 response date set by that Order had already passed. This Application has been prepared and lodged within twenty-four hours of Appellant's first receipt of the full text of Dkt. 14.

**Element 5 — Relief Needed Within 21 Days.** Relief is needed before any further appellate action in 26-901 — including any sua sponte order regarding § 1291 jurisdiction or any modification of the briefing schedule — that could prejudice Appellant's appeal of the February 3, 2026 dismissal. The relief requested is confirmatory in nature: Appellant asks the courts to enter the proposed orders submitted contemporaneously herewith, which confirm what the existing record already establishes.

## EXECUTIVE SUMMARY

This is a single, short emergency ex parte application filed simultaneously in the United States District Court for the Southern District of California and the United States Court of Appeals for the Ninth Circuit. The federal rules contemplate parallel-track filings while an appeal is pending. See Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1 (coordinated indicative-ruling and limited-remand procedure where a matter is on appeal but action in the district court remains relevant). This Application is filed in each court under that court's own rules; the identical dual caption reflects the practical reality that the subject matter — defective transmission of Dkt. 14, the operativeness of the FAC, and the response to the April 20, 2026 Order — affects both proceedings. The Application does not seek an extension of any deadline. It serves three discrete functions:

**(1)** Notice to the District Court, under Fed. R. Civ. P. 77(d), that its April 9, 2026 minute order (Dkt. 14) was transmitted to Plaintiff by U.S. mail in a single-page form that bore no page numbers,

no "Page 1 of __," no continuation marker, and no signature line followed by additional text — appearing on its face to be a complete one-page order resembling another denial. The full text of Dkt. 14 is approximately three pages and contains a leave-to-amend grant, a "GRANTS IN PART AND DENIES IN PART" disposition, and an April 24, 2026 deadline, none of which appeared in the copy Plaintiff received. Plaintiff first obtained the full text yesterday, Saturday, April 25, 2026, from the Unicourt commercial PACER aggregator. No deadline arising from Dkt. 14 was ever properly noticed to Plaintiff under Rule 77(d) or Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

**(2)** Statement, for the record of both courts, that the First Amended Complaint (Dist. Ct. Dkt. 3) remains the operative pleading. Plaintiff/Appellant does not seek leave to file a Second Amended Complaint, does not need one, and declines any leave-to-amend grant that Dkt. 14 may contain. Plaintiff/Appellant stands on the First Amended Complaint as filed. The District Court's February 3, 2026 final judgment (Dkt. 9) accordingly remains the final, appealable order.

**(3)** Response to the Ninth Circuit's April 20, 2026 Order (DktEntry 10.1). The existing record on appeal already contains Appellant's response. The Opening Brief, the Excerpts of Record (which include the complete First Amended Complaint), the IFP Protection Motion, and the Motion for Leave to File Supplemental Brief are already lodged on this Court's docket. To the extent that the April 20, 2026 Order anticipated that an amended complaint might displace the February 3, 2026 final judgment, that contingency does not occur: Appellant is not amending, and § 1291 jurisdiction is intact. No extension is requested. This statement is filed within twenty-four hours of Appellant's first receipt of the full text of Dkt. 14.

## A SHORT, RESPECTFUL OBSERVATION

The Ninth Circuit's April 20, 2026 Order set a response date of April 24, 2026 — a deadline triggered by a District Court order whose deadline-setting language was never transmitted to Appellant in the single U.S. mail copy the District Court sent. The April 20, 2026 Order itself was transmitted by U.S. mail and reached Appellant on Saturday, April 25, 2026 — most likely delivered to Appellant's residence on the evening of April 24, 2026, the response deadline itself. Appellant first saw the full text of Dkt. 14 on April 25, 2026 from a commercial source. By that point, the response date the Ninth Circuit had set was already past.

Appellant has no interest in delay and assumes good faith on the part of all involved. He has preserved the original April 9, 2026 paper-mail copy of Dkt. 14 — single-page, no page numbers, no continuation marker — and is prepared to produce it for the courts' inspection. He stands ready to be corrected if that single-page transmission is determined to have been complete service of the order. The verifiable facts speak for themselves.

## WHY NO EXTENSION IS REQUIRED

Two reasons, either of which is sufficient:

**First,** the deadline contemplated by the April 20, 2026 Order was never properly noticed to Appellant. Fed. R. Civ. P. 77(d) requires the Clerk to serve every party with notice of the entry of an order. Where notice fails as to a particular party, the deadline does not run against that party. *Mullane*, 339 U.S. at 314, requires that notice be "reasonably calculated" to apprise the party of the matter on which a deadline depends. A single-page transmission that bears no page numbers, no continuation marker, and appears on its face to be a complete order — when in fact the actual order is approximately three pages and contains a leave-to-amend grant and a deadline that do not appear on the page served — is not reasonably calculated to apprise the recipient of any deadline. Appellant accordingly does not need an extension of a deadline that, as to him, never began to run.

**Second,** the Court's April 20, 2026 Order is fully answered by the existing record. The premise of that Order was that Dkt. 14 may have granted leave to amend, potentially displacing the February 3, 2026 dismissal as the final, appealable order. Appellant resolves that premise here: he is not amending; he stands on the First Amended Complaint; and the District Court's February 3, 2026 dismissal — entered without leave to amend on a futility finding — accordingly remains the final, appealable judgment under 28 U.S.C. § 1291. Nothing in the Opening Brief, the Excerpts of Record, or any other paper already on file is contradicted by Dkt. 14 once Appellant declines to invoke any leave-to-amend grant it may contain. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc), is not implicated where the litigant declines leave to amend and stands on the dismissed pleading. *See also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064–65 (9th Cir. 2004) (decline-and-stand renders dismissal final for appeal).

## STATEMENT FOR THE RECORD

Appellant respectfully states for the record of both courts:

1. Plaintiff/Appellant declines to file a Second Amended Complaint and stands on the First Amended Complaint (Dist. Ct. Dkt. 3) as filed.

2. Plaintiff/Appellant declines to invoke any leave-to-amend grant contained in Dkt. 14, the existence of which was not disclosed to him in the single U.S. mail copy of Dkt. 14 served on him by the District Court.

3. The District Court's February 3, 2026 dismissal (Dkt. 8) and the corresponding Clerk's Judgment (Dkt. 9) remain the final, appealable judgment for purposes of 28 U.S.C. § 1291.

4. The papers already lodged on the Ninth Circuit's docket — the Opening Brief, the Excerpts of Record, the IFP Protection Motion, and the Motion for Leave to File Supplemental Brief — together constitute Appellant's response to the Court's April 20, 2026 Order. No additional substantive filing is required.

5. To the extent any portion of this matter is treated as an application for relief, Appellant requests that this filing be deemed timely as filed within twenty-four hours of his first receipt of the full text of Dkt. 14, and that all rights, defenses, and arguments not expressly waived herein — including those grounded in Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982), and Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950) — be preserved.

**RESERVATION REGARDING POSSIBLE FUTURE MANDAMUS RELIEF**

Plaintiff/Appellant confirms, for the record of both courts, that he is *not* at this time seeking mandamus relief in connection with the matters recited in this Statement. Mandamus is an extraordinary remedy reserved for circumstances in which no adequate alternative remains. *See* 28 U.S.C. § 1651(a); *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977). Plaintiff/Appellant proceeds in the first instance through the ordinary procedures invoked here, in confidence that the defective transmission of Dkt. 14 — and the deadline that defective transmission was understood to have triggered — can and will be addressed without resort to extraordinary writs.

Plaintiff/Appellant notes only, and without argument, that a separate mandamus proceeding is already pending before the Ninth Circuit in connection with the related habeas matter. *See In re Emert*, No. 26-1808 (9th Cir.) (docketed Mar. 25, 2026). The Circuit Rule 27-3 Certificate of Emergency on file in that proceeding — Document 37-1 in *Emert v. San Diego Probation Dep't*, No. 3:25-cv-00820-TWR-BLM (S.D. Cal., filed Mar. 25, 2026) — documents a parallel but distinct pattern of notice failure in the same district court system, including the non-docketing of thirteen petitioner filings over sixty-one days while opposing-party submissions through the identical email address were docketed within twenty-four hours, and the corresponding referral of the conduct to the United States Attorney under 18 U.S.C. §§ 2071 and 1505. The reference is provided only because the procedural infrastructure for mandamus relief is already established in the related case, and because Plaintiff/Appellant has chosen, deliberately and with restraint, not to invoke that infrastructure in the present matter. No comparable allegation is made in this Statement.

To the extent the defective transmission documented in this Statement is not addressed through the ordinary procedures invoked here, the right to seek mandamus relief in connection with the present matter is expressly preserved.

## RELIEF REQUESTED

Plaintiff/Appellant respectfully requests entry of the proposed orders submitted contemporaneously herewith, providing as follows:

**From the United States District Court for the Southern District of California (Case No. 3:25-cv-03646-JO-BJW):** an order confirming that (a) the First Amended Complaint (Dkt. 3) remains the operative pleading; (b) the February 3, 2026 dismissal (Dkt. 8) and Clerk's Judgment (Dkt. 9) remain the final judgment for purposes of 28 U.S.C. § 1291; (c) no deadline arising from Dkt. 14 is enforceable against Plaintiff because of defective service under Fed. R. Civ. P. 77(d); and (d) the Court will not treat this matter as reopened absent affirmative filing of a Second Amended Complaint by Plaintiff.

**From the United States Court of Appeals for the Ninth Circuit (Case No. 26-901):** an order (a) deeming the within Application and supporting Statement Appellant's complete response to this Court's April 20, 2026 Order (DktEntry 10.1); (b) confirming appellate jurisdiction under 28

U.S.C. § 1291 over the appeal of the February 3, 2026 dismissal; (c) directing that briefing in 26-901 proceed on the schedule previously set without further inquiry into leave to amend; and (d) preserving Appellant's rights as expressly stated herein, including those grounded in Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982), and Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950).

**THE UNANSWERABLE QUESTION**

*If the District Court's April 9, 2026 order required Plaintiff to act by April 24, 2026, and the order served on Plaintiff by U.S. mail was a single page bearing no page numbers, no continuation marker, and no signature line followed by additional text — when the full text of that order is in fact approximately three pages and contains the leave-to-amend grant and the April 24, 2026 deadline that did not appear on the page served — through what channel was Plaintiff given the notice that Rule 77(d) and the Due Process Clause require before that deadline could be enforced against him?*

Dated: April 26, 2026

Respectfully submitted,

/s/ Robert Emert
ROBERT EMERT
Plaintiff / Appellant, In Pro Per

**VERIFICATION UNDER 28 U.S.C. § 1746**

I, Robert Emert, declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge:

**1.** I am the Plaintiff/Appellant in the above-captioned matters and have personal knowledge of the facts stated in this Statement.

**2.** On a date in mid-April 2026, I received by United States mail at my home address a single-page document that on its face appeared to be a minute order of the United States District Court for the Southern District of California in Case No. 3:25-cv-03646-JO-BJW. The page bore no "Page 1 of

__" indicator, no continuation marker, no signature line followed by additional text, and no page number of any kind. The text on the page ended with a sentence reading approximately "...also does not show joint action with the private defendants." On its face the document appeared to be a complete one-page order resembling another denial of relief. I did not receive any CM/ECF email transmission of Dkt. 14 in connection with this order; the U.S. mail copy described above was the only transmission of Dkt. 14 I received from the District Court.

**3.** On Saturday, April 25, 2026, I obtained from the Unicourt commercial PACER aggregator what appears to be the full text of Dkt. 14. The full text is approximately three pages and contains a leave-to-amend grant, a complete-by-itself directive, waiver-of-claims language, a "GRANTS IN PART AND DENIES IN PART" disposition, and an April 24, 2026 deadline — none of which appeared on the single page served on me by U.S. mail.

**4.** Saturday, April 25, 2026 was the first date on which I had actual notice that Dkt. 14 contained a leave-to-amend grant or any deadline. I prepared and lodged this Application within twenty-four hours of that first receipt.

**5.** Separately, the United States Court of Appeals for the Ninth Circuit issued an Order on April 20, 2026 (DktEntry 10.1 in Case No. 26-901) setting a response date of April 24, 2026. That Order was transmitted to me by U.S. mail and was not received at my home until Saturday, April 25, 2026. Based on my mail-delivery experience at this address, the envelope was most likely delivered to my residence on the evening of April 24, 2026 — the response deadline itself — and was first seen by me the following morning, April 25, 2026, at the same time I located the full text of Dkt. 14 on Unicourt.

**6.** I have preserved the original April 9, 2026 single-page paper-mail copy of Dkt. 14 and the envelope and contents of the Ninth Circuit's April 20, 2026 Order. Both are available for the courts' inspection on request and will be reproduced verbatim if either court orders production.

**7.** I do not seek leave to file a Second Amended Complaint and do not invoke any leave-to-amend grant Dkt. 14 may contain. I stand on the First Amended Complaint as filed.

Executed on April 26, 2026, at Escondido, California.

/s/ Robert Emert
ROBERT EMERT

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2026, I caused the foregoing EMERGENCY EX PARTE APPLICATION FOR ORDER CONFIRMING (1) DEFECTIVE TRANSMISSION OF DKT. 14; (2) THE FIRST AMENDED COMPLAINT REMAINS OPERATIVE; AND (3) APPELLATE JURISDICTION UNDER 28 U.S.C. § 1291, together with the proposed orders attached hereto, to be transmitted to:

(a) the Clerk of the United States District Court for the Southern District of California, by email to the chambers of the Hon. Jinsook Ohta and the Hon. Brian J. White (efile_ohta@casd.uscourts.gov; efile_white@casd.uscourts.gov), with intent to lodge a stamped paper copy at the Clerk's Office, 333 West Broadway, Suite 420, San Diego, CA 92101, on the next business day; and

(b) the Clerk of the United States Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939, by U.S. mail and by email to appeals_cmecf@ca9.uscourts.gov.

Service on Defendants/Appellees will be effected through the United States Marshal Service pursuant to 28 U.S.C. § 1915(d) and Plaintiff's existing IFP status (Dist. Ct. Dkt. 7), and by courtesy email to counsel of record where addresses are known.

/s/ Robert Emert
ROBERT EMERT
Plaintiff / Appellant, In Pro Per